# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Peter M. Bernegger )
1806 Brynnwood Trace )
New London, WI  54961 )
1-920-982-4390 )
               Plaintiff, )
  )
  )  Case: 1:17-cv-00563      (I-Deck)
v. )  Assigned To : Moss, Randolph D.
  )  Assign. Date : 3/29/2017
Executive Office for United States Attorneys )  Description: FOIA/Privacy Act
950 Pennsylvania Avenue, NW )
Room 2242 )
Washington, D.C.  20530-001 )
1-202-514-2000 )
             Defendant. )

## COMPLAINT

1.  PLAINTIFF Peter M. Bernegger brings this Complaint against Defendant and shows the following:

2. Plaintiff is a resident of the State of Wisconsin. He is proceeding Pro Se.

3. Defendant has a physical presence in Washington D.C., at Executive Office for United States Attorneys. 950 Pennsylvania Avenue, NW, Room 2242. Washington, D.C.  20530-0001.

4. In June of 2016 Bernegger filed a FOIA/Privacy Act and Vaughn Index request with the Defendant's Office per 5 USC 552 and 552a.

5. The information sought is from the US Attorneys Office located in Oxford, Mississippi.

6. The Oxford office receives fewer than five (5) FOIA requests per year. The Oxford office receives very few FOIA requests per year.

7. The request seeks specific, limited, information. It is not voluminous.

8. The information could be retrieved within less than 15 minutes from Defendants' computer database.

9. Upon information and belief the Oxford, MS office of the US Attorney received the request in August of 2016 via the Washington D.C. office. The statutory time period has passed for Defendant to provide the information Bernegger seeks. Per 5 USC 552(a)(6)(C)(i). This Court has jurisdiction to hear this Complaint. Id.

10. In January of 2017 Bernegger received an email from a Mississippi attorney.

11. The email asked Bernegger to drop the FOIA request. Bernegger declined to do so.

12. The Mississippi attorney is a private attorney, not a government attorney.

13. The private attorney does not represent Bernegger. Bernegger was/is in no contract with said attorney nor has he paid the attorney any monies.

14. Asst. US Attorney Felecia Adams is the person who asked, or directed, the private attorney to contact Bernegger and seek dismissal of the FOIA filing.

15. In January of 2017 Bernegger contacted the Public Liason Office in Washington D.C. within the Executive Office of the US Attorneys for the Department of Justice.

16. He verbally and also in writing asked the Liason Office to intervene to obtain the FOIA information Bernegger requested from Defendant. The officers name is Donna Preston.

17. He has not heard back from that office as of this date, March 8, 2017.

18. Bernegger has uncovered some major fraud on the court by federal prosecutor Robert J. Mims, of Oxford, MS. This includes federal crimes such as destruction of official court documents, destruction of evidence, lying to a federal court, lying to a federal judge, knowingly filing false and misrepresenting documents.

19. Federal prosecutor Robert J. Mims was caught red handed lying to a federal judge, lying to federal court, and intentionally denying a criminal defendant his constitutional rights. It made national news. See Exhibit 1 attached.

20. Asst. US Attorney Felecia Adams is covering up or attempting to cover up these acts of fraud by prosecutor Robert J. Mims.

21. Felecia Adams sought to have the FOIA request dropped.

22. The FOIA information requested will shine light on the fraudulent acts of federal prosecutor Robert J. Mims.

23. By Defendant not providing the FOIA information, or providing a denial, they have effectively denied Bernegger his federal statutory right to the information.

24. Defendant not providing a denial of any type Bernegger cannot file an appeal. 28 C.F.R. 16.8(a)(2015).

25. Defendant is sitting on the information requested. They are sitting on Bernegger's FOIA request.  Creating a 'justice delayed is justice denied' scenario.

26. Defendant is purposely, knowingly, intentionally not providing the information to Bernegger.

27. Defendant is purposely, knowingly, intentionally not providing a denial in part or in full to Bernegger's FOIA request.

28. Defendant has had the FOIA request for at least 9 months as of today's date.

Claims

29. Plaintiff Bernegger properly filed a FOIA request and he is entitled to the information per federal statutes 5 USC 552 and 5 USC 552a. Defendants have failed to provide any information and are improperly withholding the requested information.

30. Bernegger is entitled to a Vaughn Index per 5 USC 552; 32 CFR 701.39 and federal

case law precedent of the D.C. and Fifth Circuits. Defendants have failed to provide any information and are improperly withholding this information.

31. Bernegger has spent $465 (and counting) in fees, postage, private investigator, paper/printing, telephone and fax bills over the ~10 months researching for his FOIA request.

Relief

32. Bernegger asks this Court to issue an order directing Defendant to provide all requested FOIA information within 3 business days.

33. For the Order to include a statement directing the Defendant to conduct an adequate search, as defined by federal law found in 5 U.S.C. 552.

34. Whereas, the Office of US Attorney Oxford, MS has caused $465 in costs to Bernegger. He asks this Court to order Defendant to reimburse Bernegger this figure.

Bernegger demands a jury trial.

Respectfully Submitted,                                             March 8, 2017

Peter Bernegger
Plaintiff  Pro Se
1806 Brynnwood Trace
New London, WI  54961
1-920-982-4390

*Exhibit 1*

# Seeking Justice

Brady Violations
Ethical Rules for Federal Prosecutors
Recent Decisions
Important Decisions Discussing Brady

# FEDERAL JUDGE SUA SPONTE ORDERS NEW TRIAL FOR BRADY VIOLATIONS

Posted on July 22, 2014 in: Brady Violations, Government Misconduct, Injustice, Prosecutorial Misconduct, Recent Decisions|Jump To Comments



In an unusual and virtually unprecedented opinion, US v. Garner et al, No. 2_11_CR_00038 (N.D. Miss. July 15, 2014), Judge Neal Biggers of the Northern District of Mississippi *sua sponte* acknowledged his prior elision of arguments that the government, Assistant United States Attorneys' Clayton A. Dabbs and Robert J. Mims, engaged in constitutional and statutory violations at trial, and *sua sponte* granted defendants a new trial for *Brady* violations.

After the trial, which alleged federal crimes arising from a bribe and kickback scheme involving a community hospital, Judge Biggers entered judgments of acquittal and alternately motions for new trials for defendants Earnest Levi Garner and Raymond Lamont Shoemaker. On the government's appeal, the Fifth Circuit reversed, reinstated the jury verdicts of guilty and remanded for resentencing. On remand, the district court noted that its prior grant of the alternate new trial motions did not address defendants' claims of *Brady* violations but instead relied on a separate legal issue related to "agency" (as to the hospital) and the related jury instructions. Nor did the government address the *Brady* issues in its appeal to the Fifth Circuit, "ostensibly since the [] court had not ruled on them." Because the court "did not grant the defendants a ruling on the *Brady* claims," and despite the peculiar procedural posture, the court determined that "to refuse to rule on these constitutional claims now would be a denial of due process and contrary to the interests of justice."

Reviewing the record, the court determined that the government had failed to adhere to the mandates of *Brady* and a new trial was required. In an all-too familiar scenario, the government flipped the actual progenitor of the fraud and employed him to lasso a series of others:

> The government's main witness – [Michael David] Chandler, the man who originated the conspiracy for which these defendants were prosecuted – was, at the time of the trial, under a twenty-six count criminal indictment and had been for approximately one-year, the substance of which indictment was kept secret from the defendants herein until Chandler had taken the stand during the trial as the main government witness and finished his direct testimony. It was only then

that the government made a motion to a trial judge in another courthouse of this court to unseal the indictment, which the government had asked to be sealed over a year earlier.

Citing *Brady, Bagley,* and *Kyles*, Judge Biggers determined that "[t]o casually throw out to the defendants an indictment under seal for over a year against the government's star witness only after that witness had finished his direct testimony" does not comply with due process. While the court denied the defendants' motions for mistrial or dismissal upon this eleventh-hour disclosure, a colloquy on the record shows that the government had engaged in grotesque gamesmanship to deprive defendants' of this vital impeachment tool. Moreover, the record shows that the government lied to the court about whether the star witness had seen his indictment. In all cases, the government violated both an order of the court and the dictates of *Brady* and its progeny by failing to turn over this material in sufficient time to permit defendants to plan their defense strategies with full knowledge of all material information.

Additional constitutional violations which the court failed to address in its earlier ruling included false statements of the same star witness that he had received multiple benefits in exchange for his testimony and the suppression of interview statements of that same witness that were never produced. In sum:

> Because of the flagrant violations of constitutional requirements of *Brady* and *Kyles*, and the cumulative effect of other materials to which the defendants were entitled for use in preparing their defense strategies and in impeachment of the government's main witness, the Court finds that the defendants are entitled to a new trial on the conspiracy charges on which Chandler was the primary witness, and to do otherwise would be a denial of due process law to the defendants.

Bravo to Judge Biggers, the latest entrant to our Hall of Fame, for the courage and humility to recognize his own fallibility, and, most importantly, to seek justice.

TEL





## Post Comment

**This post was written by Torrence Lewis**

Torrence Lewis is an federal appellate practitioner with a focus on white collar and complex commercial litigation. He has served as co-counsel in dozens of cases primarily in the Fifth Circuit, resulting in published opinions in over 95% of those cases. Mr. Lewis is a magna cum laude graduate of the Indiana University Maurer School of Law in Bloomington, Indiana. During law school Mr. Lewis was co-counsel, as student practitioner, in over twenty felony criminal appeals, including direct appeals and habeas litigation in death penalty cases, before the Indiana Court of Appeals, Indiana Supreme Court, and the Seventh Circuit Court of Appeals. Torrence Lewis is licensed in Illinois, Pennsylvania, the United States Courts of Appeal for the Second, Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Circuits as well as numerous Federal District Courts.

# Post Comment

Name (required)                                    Email (will not be published) (required)

                          Website



MLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

OM:
r Bernegger
6 Brynnwood Trace
w London, WI 54961

TO:
Clerk of Court
United States District Court for District of Columbia
Room 1225
333 Constitution Ave. N.W.
Washington D.C. 20001

US AT USPS.COM®
R FREE SUPPLIES ONLINE


UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.