# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PETER M. BERNEGGER,

    *Plaintiff*,

v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,

    *Defendant*.

No. 17-CV-00563 (RDM)

## MEMORANDUM OPINION AND ORDER

Upon consideration of Plaintiff's motion to strike from the Court's September 20, 2018 memorandum opinion the statement that Plaintiff was convicted of mail and bank fraud in 2009, Dkt. 42, it is hereby **ORDERED** that the motion is **DENIED**. The Court finds that the statement is factually accurate. *See* Am. Judgment, *Bernegger*, No. 01-0176, ECF No. 218 (N.D. Miss. Oct. 25, 2011). The Court also notes that this case, brought under the Freedom of Information Act ("FOIA"), cannot be used as a vehicle to challenge the legality of Bernegger's conviction. *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (noting "the longstanding observation of the courts that § 2255 is ordinarily the sole remedy for a federal prisoner challenging the legality of his conviction or sentence").

Further, upon consideration of Defendant's motion for summary judgment, Dkt. 37, the motion will be **GRANTED**. On September 20, 2018, this Court granted in part and denied in part Defendant's first motion for summary judgment, Dkt. 35. In its Memorandum Opinion and Order, the Court identified two outstanding issues that required further development. First, the Court ordered Defendant to submit for *in camera* review an unredacted copy of an email that it

had withheld in part under FOIA Exemption 5 and its deliberative process privilege. *Id.* at 20–21. Defendant submitted the unredacted email on September 28, 2018, *see* Dkt. 36, and the Court granted summary judgment to Defendant on that issue by Minute Order on the same day.

Second, the Court concluded that "further briefing and explanation" was necessary to sustain Defendant's redaction of names and contact information under FOIA Exemptions 6 and 7(C) from a string of emails between the United States Attorney's Office for the Northern District of Mississippi and the United States District Court for the Northern District of Mississippi. Dkt. 35 at 17. Along with the renewed motion for summary judgment now before the Court, Defendant released the names of the attorneys and contact information of court personnel in the specified string of emails. *See* Dkt. 37-1. The Court concludes that the sole remaining redaction—that of a legal assistant's name and contact information—in the email correspondences was lawful under FOIA Exemptions 6 and 7(C) given the legal assistant's ministerial function and the legitimate privacy interests that the Court described in its previous Memorandum Opinion, Dkt. 35 at 14-17. Moreover, even though Plaintiff asserts that Defendant's motion for summary judgment should be denied as moot because he was able to determine the redacted information on his own, *see* Dkt. 40, that contention is unavailing, as the legal assistant continues to retain cognizable privacy interests. *See Schoenman v. FBI*, 573 F. Supp. 2d 119, 149 (D.D.C. 2008) ("[E]ven if Plaintiff is correct that he can guess the individual's identity, 'the fact that Plaintiff may deduce the identities of individuals through other means . . . does not diminish their privacy interests.'" (quoting *Shores v. FBI*, 185 F. Supp. 2d 77, 83 (D.D.C. 2002))).

The Court, accordingly, will **GRANT** Defendant's renewed motion for summary judgment. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 26, 2019